Hardaway v. Parham.

Thomas P. Hardaway v. John G. Parham, Administrator, &c.

Where A. as the surety of B. on his administration bond, petitioned the probate court to be released as surety on said bond, and a citation was issued by the court for B., the administrator, which was returned not executed, because B. resided beyond the limits of the State; and upon the return so made and a satisfactory showing to the court that B. was a non-resident, his letters of administration were revoked, and an administrator *de bonis non* appointed upon the estate:— *Held*, that the action of the probate court was regular and proper in law.

On appeal from the superior court of chancery; Hon. Charles Scott, chancellor.

The opinion of the court contains a sufficient statement of the facts of the case.

*A. Burwell,* for appellant,

Cited Hutch. Code, 658, § 65, &c.; Ib. 682, &c.; *Wingate* v. *Wooten,* 5 S. & M. 245; *Lewis* v. *Brooks,* 6 Yerger; 5 Wend. 148; 3 Phil. Evid., Notes on Decrees in Courts.

*D. Mayes* and *F. Anderson,* for appellee,

In reply, cited *Thompson* v. *Huckett,* 2 Hill, S. C. 347; 12 S. & M. 556; *McLaurin* v. *Thompson,* Dudley's R. 335; 2 Story's Eq. § 825, &c.

Mr. Justice FISHER delivered the opinion of the court.

The object of this bill by the appellee as administrator *de bonis non* of William S. Neeves, deceased, was to enforce a judgment recovered by the first administrator on said estate against the appellant, in the circuit court of Warren county.

The question for decision arises upon the demurrer of the appellant to the bill; the main cause assigned is, that it does not appear by the copy of the order of the probate court of Warren county, which is made an exhibit to the bill, that A. G. Neeves, the first administrator, has been legally removed from his office; and that the complainant's appointment as administrator *de bonis non* is consequently void.

The facts as disclosed by the order are as follows. The complainant, as one of the sureties on the administration bond of A. G. Neeves, petitioned the court to be released as such security. Citations were issued to notify the said administrator of such application. The writs were returned not executed. Upon the return of the alias writ, it appearing to the satisfaction of the court that the administrator was not a resident of the State, the court revoked his letters of administration, and appointed the complainant administrator *de bonis non* on said estate.

The law on this subject will be found in Hutch. Code, p. 658, §§ 65, 66, 67, and 68. The sixty-fifth section says, "that when sureties for executors, or administrators, or their representatives, conceive themselves in danger of suffering thereby, and petition the court for relief, the court shall summon the executor or administrator," &c. It will be seen from this that, as a general rule, the executor or administrator must be summoned, before

Hardaway v. Parham.

the court shall require either a new bond to be given, or shall revoke his letters testamentary, or of administration. The question therefore arises, whether, when it appears that the administrator, as in this instance, has become a non-resident of the State, so that he cannot be served with process, the court can revoke, without notice, his letters of administration?

By the grant of letters of administration the court acquired jurisdiction over both the estate, for the purposes of administration, and over the administrator, to see that he performed his duties according to law. The administrator covenanted, by his bond, to submit himself to the jurisdiction of the court until the estate should be finally administered. He tacitly covenanted to perform his duties according to law, as it should be expounded and applied to the several stages of the administration by the court. If this were the nature of his covenant, he must be understood as agreeing to keep himself at all times within the jurisdiction of the court, and within the reach of its process; for, otherwise, it would be impossible for the court to perform its duties, and to protect the rights of creditors, distributees, and all parties interested in a faithful administration of the estate.

The court having a jurisdiction for the purposes of a complete and faithful administration of the estate, must of necessity be clothed with such incidental powers as may be necessary to secure a proper execution of the trust. Among these incidental powers may be ranked, as indispensably necessary in certain cases, the power of removing from office an administrator who has shown a disposition, by his placing himself beyond the jurisdiction of the court, either to renounce the trust or not to perform his duties according to law. His oath bound him in conscience, and his bond in obligation, to administer the estate according to law, as it should be expounded and interpreted by the judicial tribunals of this State. When he has placed himself beyond their jurisdiction he has no right to complain of their acting without giving him such notice as would have been given to a resident administrator, in a like proceeding. The process of the court is circumscribed by the limits of the State; and the administrator, by going beyond those limits, has

virtually said that he will submit to such judgments as the court may render touching the administration, without notice. This is necessary to enable the court to perform its duties, and not inconsistent with the power which it acquired over the administrator at the time of the grant of letters of administration.

We are, therefore, of opinion that the appointment of the appellee is valid.

The other grounds of demurrer we do not consider as well taken, and therefore deem it unnecessary to notice them in detail.

Decree affirmed.

A petition for a reargument was filed by the counsel for appellant in this case, but the court refused a reargument.